**UNITED STATES, Plaintiff,**

v.

**George KRIZEK, Blanka Krizek, Defendants.**

**Civ. A. No. 93–0054.**

United States District Court,
District of Columbia.

Dec. 18, 1995.

Bruce R. Hegyi, U.S. Attorney's Office, Washington, DC, John Robert Munich, U.S. Attorney's Office, Jefferson City, MO, for the U.S.

Brian William Shaughnessy, Shaughnessy, Borowski & Gagner, Washington, DC, Joseph Nathan Onek, Paula Joanne Desio, Michael Eberhardt, Crowell & Moring, Washington, DC, Marsha Ellen Swiss, Washington, DC, Monika Blanche Krizek, Washington, DC, for George O. Krizek, Blanka H. Krizek.

Armin Ulrich Kuder, Marcia B.F. Kuntz, Kuder, Smollar & Friedman, P.C., Washington, DC, for The Washington Psychiatric Society.

*MEMORANDUM OPINION*

SPORKIN, District Judge.

The United States filed suit against George O. Krizek, M.D. and his wife Blanka

H. Krizek, alleging that they had violated the False Claims Act, 31 U.S.C. § 3729, by submitting false and inflated claims for reimbursement for psychiatric services allegedly provided to Medicaid/Medicare patients. Following a three week bench trial, this Court issued a Memorandum Opinion and Order on July 19, 1994. *United States v. Krizek*, 859 F.Supp. 5 (D.D.C.1994). The Court ruled that the defendants had submitted false claims and had violated the False Claims Act. *Id.* at 13–14.

In its opinion, the Court sought to set a benchmark whereby all claims below the benchmark would be presumed valid, and all claims above the benchmark would be presumed invalid. *United States v. Krizek*, 859 F.Supp. at 12. During the trial the defendants called Dr. Norman Wilson as an expert witness. Dr. Wilson testified during cross examination that he, a hardworking psychiatrist himself, had never submitted more than nine hours worth of claims to Medicaid/Medicare in a single twenty four hour period. *Id.* The Court established the nine hour figure as the benchmark and the plaintiff and the defendants agreed to the nine hour period in post-trial memoranda. *Id.*[1] The Court ruled that all claims in excess of nine hours on a single day would be presumed invalid unless the defendants were able to produce evidence that specific claims were valid. *Id.* On the recommendation of the parties, the Court referred the matter to Special Master William H. Briggs Jr., *see* April 6 Order at 1–2. Among other things, the Special Master was to examine the claims submitted on days where the defendants submitted more than nine hours worth of claims for reimbursement. *Id.* at 3. The Special Master determined that there were 264 such days. *See* Special Master Report at 15. For those days he produced charts that showed the number of claims submitted by the defendants in excess of nine hours, in excess of twelve hours, and in excess of fifteen hours.[2] *Id.* at Appendixes B, C, and D. Additionally, the Special Master calculated the amounts that were paid to the defendants for services claims on the 264 days. *Id.* The defendants were unable to produce evidence to show that services were actually performed as they claimed.

The Special Master has made all the necessary findings. In his report the Special Master outlined the methods and formulas he used to arrive at his total. The Special Master report was comprehensive and unquestionably fair to both the plaintiff and defendant. The Court accepts the Special Master's factual findings.

■ The liability of the defendants is comprised of two parts. First, the defendants will have to return all that was paid to them for which invalid claims were submitted. Since all claims in excess of nine hours on a single day are presumed improper, the defendants will required to reimburse the Government for all such claims. The Special Master determined that on the 264 days where the defendants billed in excess of nine hours, the defendants submitted a total of 1,149 claims for which they were paid $47,105.39. *Id.* at Appendix B. The defendants must return this sum to the Government.

■ The defendants will also be held liable under the False Claims Act. The Act requires that the defendants be held liable for triple the amount unjustly paid to them and fined between $5,000 and $10,000 for each claim covered by the False Claims Act. 31 U.S.C. § 3729(a). The False Claims Act is violated where one "knowingly" submits a false claim to the government. 31 U.S.C. § 3729(b). The Act further clarifies that a defendant may be deemed to have "knowingly" violated the Act if he or she acted with a "reckless disregard as to the truth or falsity of the information." *Id.* As the Court noted in its original opinion, the False Claims Act was specifically amended in 1986 to include this new definition so that the Government might have recourse against the individual who over-bills the Government in a reckless

---

**1.** *See* Government's Proposed Memorandum and Opinion at 11; Defendant's Post–Trial Memorandum at 16.

**2.** The charts were organized in such a fashion that one could use the charts to easily calculate the number of claims in excess of any other hour benchmark.

manner. *United States v. Krizek,* 859 F.Supp. at 13.

While the Court set a nine hour benchmark to determine which claims were improper, the Court will now set even a higher benchmark for classifying claims that fall under the False Claims Act so that there can be no question as to the falsity of the claims. The Court has determined that the False Claims Act has been violated where claims have been made totaling in excess of twenty four hours within a single twenty forty hour period and where defendants have provided no explanation for justifying claims made for services rendered virtually around the clock. To submit claims without proper justification in excess of twenty four hours in a single day is to act clearly with the degree of recklessness required by the Act.

The Special Master found that on a total of three days the defendants billed in excess of twenty four hours.[3]  Indeed, on those days the defendants submitted eleven claims in excess of the twenty four hour benchmark. The eleven claims multiplied by $10,000 result in further fines of $110,000.  In sum, the defendants' liability totals $157,105.39.

Defendant shall pay such sum to the Government within 60 days from the issuance of this Opinion or at such other time as the Court shall direct.

Finally, the Defendants must pay $11,000 owed to the Special Master for services performed in this case.  Defendants will be ordered to pay the Special Master $2,000 a month for five months and $1,000 on month six.

---

**3.**  January 6, 1987, July 7, 1987, and August 10, 1987.