**UNITED STATES of America, Plaintiff,**

**v.**

**George O. KRIZEK, et al, Defendant.**

**No. CIV. A. 93–00054.**

United States District Court,
District of Columbia.

July 15, 1998.

Bruce R. Hegyi, U.S. Attorney's Office, Washington, DC, for Plaintiff.

Karen Natalie Walker, Jeffrey Bossert Clark, Kirkland & Ellis, Washington, DC, Monika Blanche Krizek, Washington, DC, Joseph Nathan Onek, Paula Joanne Desio, Crowell & Moring, L.L.P., Washington, DC, for Defendants.

William Holt Briggs, Ross, Dixon & Masback, L.L.P., Washington, DC, Special Master.

Armin Ulrich Kuder, Kuder, Smollar & Friedman, P.C., Washington, DC, for Washington Psychiatric Soc., Intervenor.

### MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on remand from the Court of Appeals' decision in this case, *United States v. Krizek,* 111 F.3d 934 (1997) (*"Krizek III "*). Dr. Krizek was a psychiatrist who practiced in Washington, D.C. for over twenty years. On January 11, 1993, the Government brought suit against Dr. George Krizek and his wife, seeking over $80 million in penalties and damages on the basis of false Medicare and Medicaid reimbursement claims. The Government sought damages on the basis of unjust enrichment and violations of the False Claims Act.

The False Claims Act, 31 U.S.C. § 3729(a), requires that violators be held liable for triple the amount unjustly paid to them and fined between $5,000 and $10,000 for each claim in violation of the Act. The Act is violated when one "knowingly" submits a false claim to the Government. *See* 31 U.S.C. § 3729(b). A defendant may be deemed to have "knowingly" violated the Act if he or she acted with "reckless disregard as to the truth or falsity of the information." *Id.*

After hearings and related proceedings, including supplemental hearings before a special master, this Court issued two memorandum opinions and orders. *See United States v. Krizek,* 859 F.Supp. 5 (D.D.C.1994) (*"Krizek I "*); *United States v. Krizek,* 909 F.Supp. 32 (D.D.C.1995) (*"Krizek II "*). Initially, the Court held all claims submitted for a single day in excess of 9 hours would be presumed to be in violation of the False Claims Act. *See Krizek I,* 859 F.Supp. at 12. On the basis of this presumption, the Government presented evidence and the special master found that on 264 days, the Defendants submitted more than 9 hours worth of claims. *Krizek II,* 909 F.Supp. at 33. Based on the special master's findings, the Court concluded that the Defendants submitted 1,149 claims for which they were paid $47,-105.39, and it awarded this sum to the Government as unjust enrichment. *Id.* However, for the False Claims Act violations, which required knowing or reckless conduct, the Court decided that the 9–hour presumption was insufficient to prove the requisite intent. The Court set a 24–hour presumption "so that there can be no question as to the falsity of the claims." *Id.* at 34. Based on the special master's findings, there were three days in which the Defendants billed Medicare/Medicaid in excess of 24 hours in a day. There were a total of 11 claims in excess of the 24–hour presumption. When multiplied by $10,000 for each claim in violation of the False Claims Act, the Defendants were held liable to the Government for $110,000. Combined with the unjust enrichment damages, the Court awarded $157,105.39 to the Government. The Court also required the Krizeks to pay $11,000 for the costs of the special master. *See Krizek II,* 909 F.Supp. at 34.

Both the Government and the Defendant appealed. The Court of Appeals affirmed most of the Court's rulings, but reversed on two issues. First, the Court of Appeals held that each line item (or code) on a HCFA 1500 form[1] did not constitute a separate false claim. Second, the Court of Appeals held that the parties should have been given the opportunity to present evidence after the adoption of the 24–hour standard. The Court of Appeals' instructions were clear. This Court was to permit the parties to present additional evidence regarding whether the Defendants submitted claims in excess of the 24–hour standard fixed by the Court:

> While this higher standard may have been permissible, the District Court erred in issuing judgment based on the new presumption without permitting the parties to introduce additional evidence. We do not hold, as urged by the government, that the District Court was prohibited from revisiting its earlier finding and replacing it with

---

1. The HCFA form is a form containing claims for reimbursement from Medicare/Medicaid.

twenty-four hour presumption. *Krizek III*, 111 F.3d at 938.

## I. Government's Requests for Discovery

At the first status conference the Court held on remand, the Government made demands for discovery that were staggering and uncalled for. First, the Government demanded that the Defendants disclose all of the names of Dr. Krizek's private pay patients. In light of the questionable relevance of the names of these patients as well as the need to protect the privacy of individuals seeking psychiatric care, the Court refused to order that the names of the patients be divulged. Instead, the Court permitted the Government information on how many hours were billed to private pay patients on particular days. *See* Transcript, September 9, 1997, at 37–38.

Second, the Government requested that the Defendants provide all information about billing to private pay patients for all 1825 days in question. The Court, in the interest of economy, limited discovery to 10 days, of the Government's choosing, which would represent the most egregious billing practices by the Defendants. The Court indicated it would permit additional discovery if the evidence from these days suggested that more discovery would prove fruitful. The Government submitted a discovery request to the Defendants for 25 days. Although the Court limited the Government to 10 days, the Defendants provided responses for all 25 days. Nevertheless, the Government remains unsatisfied; not only does it request discovery for all 1825 days, but it also asks for numerous depositions. This Court concludes that it granted the Government more than a reasonable amount of discovery. The Government's search of the 25 most egregious days yielded only two days involving potential False Claims Act violations under the 24–hour presumption. The meager fruit of any further discovery is clearly outweighed by the vast time, expense, and burden on the Defendants. The Court of Appeals did not remand this case so that the Government could go on a fishing expedition.

Third, the Government claimed that the Court should order more discovery regarding unjust enrichment liability. This request was clearly uncalled for since the remand only concerned additional proof to be submitted regarding the 24–hour presumption on the False Claims Act violations. Accordingly, the Court denied the Government's request.

Finally, the Government requested discovery concerning the appropriateness of the 24–hour presumption. As with the unjust enrichment issue, the Court of Appeals did not require that this Court revisit the 24–hour presumption. The Government, by continuing to demand that almost every aspect of this case be reopened, severely misreads the Court of Appeals' narrow remand.

## II. Post–Remand Proof

The Government now submits its new proof based upon the private pay patient information for the 25 days it requested. After all the time and expense necessary to produce that information, the Government has discovered only two days where the combined hours worked (for Medicare/Medicaid patients as well as private paid patients) exceeded the 24–hour presumption. The Government claims to have identified additional false claims on the original three days. The Defendants submitted proof stating that the Government's calculations on the three initial days as well as the two additional days were in error. According to the Defendants, on no day were the total hours worked over 24 hours.

The problem with the Government's argument is that the Government cannot prove that the claims in excess of 24 hours were the ones billed to Medicare/Medicaid as opposed to those billed to non-Medicare/Medicaid private patients. In order to establish a False Claims Act violation, the Government must prove that Dr. Krizek's improper claims were made knowingly or recklessly. But in a day involving an excess of 24 hours of billing, which includes both private pay claims and Medicare/Medicaid claims, the Government must prove that it was the Medicare/Medicaid claims that were fraudulent. The Government argues that the Court must find that the improper claims in excess of the 24 hour presumption should be assumed to be

Medicare/Medicaid claims rather than private pay claims. However, there is simply no way to know this based upon the evidence presented. As the Special Master correctly recognized, "[t]here are no records that reflect when a particular service was performed; thus it is impossible to identify the services allegedly performed in the first [24] hours of any day." Special Master's Report, at 8 n. 3. The mere assumption that all hours exceeding the 24 hour benchmark were hours billed to Medicare/Medicate is insufficient to prove knowing or reckless conduct.

In light of the Court of Appeals decision that each line item does not constitute a separate claim, this Court must revisit its finding that there were 11 false claims in excess of the 24 hour presumption. The Court of Appeals determined that the FCA is violated only when an entire HCFA 1500 form containing a false statement is submitted. Even if the same HCFA 1500 form contains more than one false statement, the Court of Appeals held it is still only a single violation of the FCA. On remand, the Government claims that each of the original 11 false claims were submitted on separate HCFA 1500 forms. Therefore, it alleges that each is a separate "claim" as defined by the Court of Appeals.

This Court is not persuaded. If the Government's assertion were true, then the Court of Appeals would have resolved a purely hypothetical issue. This cannot be the case. The problem with the Government's position is that it has failed to acknowledge that the new definition affects all of the claims on the 3 days Defendants billed in excess of 24 hours to Medicare/Medicaid. Under the definition adopted by this Court, it did not matter when, during the day, Defendants billed each claim. The Court merely added the total hours of claims billed to Medicare/Medicaid on each given day until it reached a total of 24 hours. Then, the Court counted the number of claims on each given day in excess of the 24–hour presumption. Under the Court of Appeals' definition of "claim" which now controls, there are claims under the old definition on the 3 days in question which would now be considered a single false claim rather than multiple false claims. Because the new definition results in overlapping claims, this creates a complication in the Government's case that it has not acknowledged. The Government must now prove whether these overlapping claims occurred before or after the 24th hour in the day. The Government takes the position that this Court should just assume that the original 11 claims occurred after the 24th hour. Of course, this is because these particular 11 claims, as opposed to the others, have no overlap and thus are not negatively affected by the Court of Appeal's new definition. Yet the Court cannot make this assumption in favor of the Government. On the evidence submitted, the Government has failed to establish which of the claims, under the new definition, are the ones in excess of the 24 hour presumption. The evidence merely establishes that on the 3 days in question, the Defendants billed in excess of 24 hours to Medicare/Medicaid. Based on this record, the Court can only conclude that on each of the 3 days, there was at least one false claim under the definition established by the Court of Appeals. In other words, the Court can only infer that on each of the days, at least one of the HCFA 1500 forms contained a false statement. While there certainly could have been more than one form with a false statement submitted on each given day, there is insufficient proof in the record. Accordingly, based upon the Court of Appeals' mandate, this Court concludes that only 3, not 11, claims were submitted in excess of the 24 hour presumption.[2]

The Defendants have also submitted post-remand proof. They claim that on the two additional days submitted by the Government, their calculations reveal that the Defendants did not bill in excess of 24 hours. Additionally, the Defendants offer evidence that they did not bill in excess of 24 hours for the three original days in which the Court found they were liable for 11 False Claims Act violations. Since the Court concludes that the Government's evidence fails to prove False Claims Act violations on the two addi-

---

**2.** The Court interprets the Court of Appeals' opinion as applying only to the Court's findings on liability under the False Claims Act. Accord-

ingly, the Court will not reconsider its determination of the unjust enrichment damages.

tional days, the Court does not need to examine the Defendants' evidence as to these days. As for the original three days, the Court is not persuaded by the Defendants' evidence that the hours on these days were improperly calculated.[3] Accordingly, the Court finds that there were 3 False Claims Act violations, for which the Defendants are liable in the amount of $10,000 each.

The Government insists on pursuing a case that should long have been over.[4] If the Court acceded to all of the Government's requests, this litigation would proceed well into the next century. The Government has won its case and gained a substantial recovery. Dr. Krizek is now retired and is no longer practicing psychiatry. Although apparently a fine physician, he is now a broken man. Not only is he out of the medical profession, but also he is suffering from the advanced stages of cancer. The Government refuses to let go of this case. When it began its case, the Government was seeking over $80 million worth of damages, a figure that the Court of Appeals declared was "astronomical." *Krizek III*, 111 F.3d at 940. Despite the fact that Dr. Krizek is incapable of paying such a sum, the Government continues to relentlessly pursue Dr. Krizek, who is at this point a broken and sick man. The Government's pursuit of Dr. Krizek is reminiscent of Inspector Javert's quest to capture Jean Valjean in Victor Hugo's *Les Miserables*. While the Government's vigor in pursuing violators of the law is to be commended, there comes a point when a civilized society must say enough is enough. That point has been reached in this case.

---

3. The Government claims that the Defendants should not be permitted to present any evidence because they failed to raise the issue of the Special Master's time calculations on appeal. The Court does not have to reach this issue. The Court does not find there were False Claims Act violations on the two additional days, even without consideration of the Defendant's evidence. Thus, the Defendants' evidence as to these two additional days is irrelevant. As for the initial three days, the Court finds that the Defendant's additional proof is inadequate to defend against liability on these days. Because the Court reaffirms its initial ruling as to these days, the Government is not prejudiced by the Court's consideration of Defendant's post-remand proof.

4. Because the False Claims Act has become subject to possible overreaching, Deputy Attorney General Eric Holder issued a letter requesting U.S. Attorneys to use this statute carefully. The overzealous use of the False Claims Act has led to Congress' consideration of a bill that would set limitations on the use of this statute. *See One Man's Fraud*, Wash. Post, June 7, 1998, at C6.